UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALBERTO ANGULO-HERNANDEZ** | : | **CIVIL ACTION 2:13-CV-1533** |
| BOP#00324-049 | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 filed by *pro se* petitioner Alberto Angulo-Hernandez (hereafter, "petitioner"). Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

#### I. BACKGROUND

The documentation produced by petitioner in this case, as well as information gathered from matters pertaining to petitioner in other courts, establishes the following chronology of events:

- *February 21, 2007*: Petitioner was indicted in the United States District Court for the District of Puerto Rico on three charges relating to his role in smuggling narcotics in international waters. Doc. 1, att. 1, p. 4; *see also Angulo-Hernandez v. United States*, Dkt. No. 3:10-cv-2141, doc. 7, p. 2. (D.P.R. 2011)].

- *May 15, 2007*: After a jury trial, petitioner was found guilty on all three counts. *Angulo-Hernandez v. United States*, Dkt. No. 3:10-cv-2141, doc. 7, p. 2. (D.P.R. 2011)

- *August 22, 2007*: Petitioner was sentenced to 292 months incarceration on counts one and two, with the sentences to be served concurrently. *Id.* Count three was dismissed. *Id.*

- *August 24, 2007*: Petitioner filed a direct appeal with the First Circuit Court of Appeals. *United States v. Angulo-Hernandez*, Dkt. No. 3:07-cr-00063-08, doc. 209 (D.P.R. 2007).

- *May 5, 2009*: The First Circuit affirmed petitioner's conviction and sentence. *United States v. Angulo-Hernandez*, 3:07-cr-00063-08, doc. 209 (D.P.R. 2007).

- *November 23, 2010*: Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the District of Puerto Rico. *Angulo-Hernandez v. United States*, Dkt. No. 3:10-cv-2141 (D.P.R. 2010).

- *June 17, 2011*: The District of Puerto Rico denied petitioner's motion to vacate. *Id.*, doc. 7.

- *February 4, 2013*: The First Circuit denied petitioner's request for leave to file a second or successive § 2255 motion. *Angulo-Hernandez v. United States*, Dkt. No. 13-1090 (1st Cir. 2/4/2013).

On June 3, 2013, petitioner filed the *habeas corpus* application pursuant to 28 U.S.C. § 2241 that is currently before this court. Petitioner asserts two grounds for relief therein. First, he argues that the Maritime Drug Enforcement Act, 46 U.S.C. § 70503, was an inappropriate jurisdictional basis for his conviction because the marine vessel at issue in his underlying smuggling case was seized in Colombian territorial waters and not on the "high seas." Doc. 1, att. 1, pp. 13–18. Second, he argues that the seizure of the vessel was itself invalid, because the vessel was flying a Bolivian flag and there is no proof that the government of Bolivia consented to the seizure. *Id.* at 18–20. Petitioner asks this court to vacate his conviction and sentence or to grant an evidentiary hearing. *Id.* at 20.

## II. LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a motion to vacate filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, petitioner collaterally attacks the legality of his conviction and sentence, not the manner in which his sentence is being executed. Accordingly, his claim is appropriately characterized as a motion to vacate pursuant to 28 U.S.C. § 2255.

Federal prisoners may use § 2241 to challenge the legality of their conviction or sentence only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file an application for a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense; or (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior § 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive

requirement does not entitle a petitioner to § 2241 relief. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner's allegations are insufficient to invoke the savings clause in this case. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous motions to vacate. His current claims are entirely factual in nature and essentially request the court to reach a different decision than the District of Puerto Rico. Thus, petitioner may not avail himself of § 2241 relief, and his claims must be brought in a motion to vacate under § 2255. The fact that petitioner's previous § 2255 motions were unsuccessful and that the one-year limitations period for bringing such claims has already run does not satisfy the savings clause. *Jeffers,* 253 F.3d at 830; *Toliver* 211 F.3d at 878. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### III. CONCLUSION

For the foregoing reasons:

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have 14 days from its service to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within 14 days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 27th day of May, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE